**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 5 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUGO ERNESTO CASTILLO-MANCIA, | No.   16-72753 |
| Petitioner, | Agency No. A206-808-606 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 6, 2019[**]
Pasadena, California

Before:  MURGUIA and HURWITZ, Circuit Judges, and GUIROLA,[***] District Judge.

Hugo Ernesto Castillo-Mancia, a native and citizen of El Salvador, petitions

for review of a Board of Immigration Appeals ("BIA") decision dismissing an appeal

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Louis Guirola, Jr., United States District Judge for the Southern District of Mississippi, sitting by designation.

from the decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Having jurisdiction under 8 U.S.C. § 1252, we deny Castillo-Mancia's petition.

1. Substantial evidence supports the determinations of the IJ and BIA that Castillo-Mancia failed to establish that any harm he experienced in El Salvador was on account of a protected ground. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). In addition, substantial evidence supports the finding that Castillo-Mancia failed to demonstrate that he faces future harm in El Salvador. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[A] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). The application for asylum and withholding of removal was therefore appropriately denied.

2. Castillo-Mancia has not demonstrated that he would more likely than not suffer torture upon return to El Salvador. The agency's decision that Castillo-Mancia failed to show that he is entitled to CAT protection is therefore also supported by substantial evidence.

**PETITION FOR REVIEW DENIED**.